OPINION.
{¶ 1} Defendant-appellant Tony Smith appeals from his conviction and sentence, following a guilty plea, for Felonious Assault. He was sentenced to six years imprisonment for the offense. The range of possible sentences for this second degree felony is from two to eight years. Smith was also ordered to pay restitution to his victim, his live-in girlfriend, in the amount of $2,324.95, and court costs.
 {¶ 2} Smith's assigned counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, indicating that he could find no potential assignments of error having arguable merit. This court notified Smith of that fact, and gave him 60 days within which to file his own, pro se brief. Thereafter, Smith filed a document, the entire text of which is as follows:
 {¶ 3} "In response to the decision and entry dated April 18, 2003, I am filing for appeal because my counsel James Armstrong told me that with the victim Katie Smith on my side I should plead guilty[,] throw my mercy on the court[.] I would get a large sentence that [would] be suspended[.] I would get probation[.] If I did not take this[,] the prosecutor would re-indict me on like two or three more charges[,] plus get me another 10 years for repete [sic] offender."
 {¶ 4} We have reviewed the entire record, independently, in accordance with our duty under Anders v. California, supra. The record reflects that Smith was indicted for Felonious Assault, causing serious physical harm. Well within the time allowed to bring him to trial, he pled guilty.
 {¶ 5} We have reviewed the transcript of the plea hearing, and we conclude that all of the requirements of Crim.R. 11 pertaining to the taking of guilty pleas were complied with. During the course of that pleading, reference was made to the State's agreement not to take the case back to the grand jury to seek an indictment on an additional charge as well as to seek a repeat violence offender specification. There is nothing in this record to reflect that the State has reneged on that promise.
 {¶ 6} We have also reviewed the complete transcript of the sentencing hearing, and find no potential assignments of error having arguable merit. Because this is a second degree felony, there is a presumption in favor of incarceration. The trial court found that that presumption had not been overcome. The trial court did not impose the maximum sentence, eight years, but imposed a six-year sentence.
 {¶ 7} We have reviewed the pre-sentence investigation report. As the trial court noted at the sentencing hearing, that report reflects that the victim in this case was badly beaten, and was threatened with death if she should disclose the beating. The pre-sentence investigation report also reflects prior offenses of violence, as well as previous attempts to achieve Smith's rehabilitation with sanctions other than incarceration, which have not worked.
 {¶ 8} At the sentencing hearing, the victim did make a statement urging leniency.
 {¶ 9} Under all of the circumstances, we find nothing remarkable about the sentence imposed. We find no claims of error having arguable merit. In his pro se filing, Smith refers to certain statements that his trial counsel made to him. It is not clear whether these were promises, or predictions concerning the likely sentence to be imposed. In any event, there is nothing in the record to contradict Smith's assurance to the judge, during the plea proceeding, in response to the trial judge's question, that no promises had been made to him, other than the State's promise not to go back to the grand jury and seek other charges or specifications.
 {¶ 10} We find no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Accordingly, the judgment of the trial court is Affirmed.
WOLFF and GRADY, JJ., concur.